Citation Nr: 1536794 
Decision Date: 08/27/15 Archive Date: 09/04/15

DOCKET NO. 06-15 868 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUES

1. Entitlement to a total disability rating due to individual unemployability (TDIU) for the period prior to March 8, 2010.

2. Entitlement to special monthly compensation based on the need for regular aid and attendance of another person.


REPRESENTATION

Appellant represented by: Seth C. Berman, Attorney


ATTORNEY FOR THE BOARD

D. Whitehead, Counsel



INTRODUCTION

The Veteran served on active duty from June 1952 to June 1972.

These matters come before the Board of Veterans' Appeals (Board) on appeal from May 2005 and May 2015 rating decisions issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Cleveland, Ohio and Winston-Salem, North Carolina, respectively. Jurisdiction over the claims resides with the Winston-Salem RO. The claim of entitlement to a TDIU arose as a derivate of claims for increased disability ratings for the Veteran's service-connected bilateral knee disabilities, addressed in the May 2005 rating decision. See Rice v. Shinseki, 22 Vet. App. 447 (2009). 

Most recently, in March 2015, the Board remanded the TDIU claim so that the RO could complete additional development. The case has now been returned to the Board for further appellate review.

In June 2015, the Veteran appointed a private attorney to represent him with respect to all matters then before VA. The appointment of a private attorney revoked a previous power of attorney executed in favor of Disabled American Veterans.

The record before the Board consist solely of records included in electronic files known as Virtual VA and the Veterans Benefits Management System.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Regrettably, a remand is needed in this case. 

Regarding the TDIU claim, in the March 2015 Remand, the Board directed the RO to obtain a retrospective opinion from an appropriate examiner regarding whether the Veteran's service-connected bilateral knee disabilities and coronary artery disease, alone or acting in concert, precluded him from following substantially gainful employment consistent with his education and occupational expertise for the period prior to March 8, 2010. The Board instructed the examiner to discuss the Veteran's full educational and work history in the associated examination report. The examiner was also asked to provide the complete rationale for all opinions provided.

In a June 2015 VA addendum report, a VA examiner provided an opinion as to the limitations the Veteran would have faced in an occupational setting due to his service-connected disabilities prior to March 8, 2010. The examiner initially commented that the question of the Veteran's ability to obtain or maintain substantially gainful employment was a legal/vocational determination, not medical, and was thus, beyond the examiner's competence. However, the examiner indicated that it was possible to provide a medical opinion as to the specific limitations posed by the Veteran's service-connected disabilities and their impairments in a work-like setting. Based on a review of the evidence, the examiner opined that the Veteran was unable to engage in physical employment prior to March 8, 2010, due to pain in his knees with walking and standing. The examiner then opined that the Veteran's service-connected atherosclerotic heart disease (coronary artery disease) and bilateral knee disabilities, individually and combined, would not have precluded his engagement in sedentary employment. Other than noting clinical findings dated from 2006 to 2010 related to the Veteran's cardiac disability, the examiner did not provide the medical rationale for this opinion or identify any medical evidence of record that supported the conclusion against the claim. In this regard, the examiner made no mention of any clinical findings or evidence with regard to the Veteran's bilateral knee disabilities. The examiner also failed to discuss the Veteran's educational and occupational history or his contentions with regards to his employability prior to March 8, 2010. Thus, the June 2015 VA addendum opinion is not adequate for adjudication purposes and does not comply with the March 2015 remand directives.

A remand by the Board confers upon the claimant, as a matter of law, the right to compliance with the remand order. Stegall v. West, 11 Vet. App. 268, 271 (1998). The Board's failure to insure compliance would constitute error in this case. Id. Moreover, once VA undertakes to provide a VA examination or obtain a VA opinion, it must ensure that the examination or opinion is adequate. Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). Given the deficiencies with the June 2015 VA addendum opinion, a remand is warranted so that the RO can obtain an adequate medical opinion with respect to the claim on appeal.

In this regard, the June 2015 VA examiner's comments suggest that an opinion in this case would be best provided by an examiner with vocational expertise. Thus, if possible, the RO should request an opinion from a vocational specialist regarding whether the Veteran's service-connected disabilities precluded him from securing and obtaining substantially gainful employment for the period prior to March 8, 2010.

As for the Veteran's remaining claim, in the May 2015 rating decision, the RO denied the claim for special monthly compensation based on the need for regular aid and attendance of another person. In June 2015, the Veteran filed a notice of disagreement (NOD) as to the denial of the claim. The RO has not provided the Veteran with a statement of the case (SOC) in response to the NOD. Because the NOD placed the issue in appellate status, the case must be remanded for the originating agency to issue an SOC for this claim. See Manlincon v. West, 12 Vet. App. 238, 240-41 (1999).

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. The RO must issue an SOC to the Veteran and his representative concerning the issue of entitlement to special monthly compensation based on the need for regular aid and attendance of another person. The Veteran must be informed of the requirements to perfect an appeal with respect to this issue. If the Veteran perfects an appeal, the RO must ensure that all indicated development is completed before the case is returned to the Board.

2. The RO must take appropriate action to obtain any outstanding VA or private evidence identified by the Veteran as pertinent to his claim for a TDIU.

3. After completion of all necessary records development, the RO must obtain a retrospective opinion(s), if possible from a vocational specialist and/or other examiner with sufficient expertise, as to whether the Veteran's service-connected disabilities, alone or acting in concert, precluded him from securing and following substantially gainful employment, consistent with his education and occupational expertise. The Veteran's entire electronic files must be made available to the examiner, and the examiner must specify in the report that these records have been reviewed. The examiner must discuss the Veteran's full work and educational history. 

Based on a review of the evidence of record, and consideration of the Veteran's statements, the examiner must provide an opinion as to whether the functional effects of any of the Veteran's service-connected disorders, acting alone or in concert, prevented him from obtaining or retaining employment consistent with his education and occupational experience, irrespective of his age and any nonservice-connected disorders, for the time period prior to March 8, 2010.

A complete rationale for all opinions must be provided. If the examiner cannot provide a requested opinion without resorting to speculation, it must be so stated, and the examiner must provide the reasons why an opinion would require speculation.

4. After the development requested has been completed, the RO must review the medical opinion to ensure that it is in complete compliance with the directives of this Remand. If any report is deficient in any manner, the RO must implement corrective procedures at once.

5. Then, readjudicate the issue of entitlement to a TDIU prior to March 8, 2010. If the benefit sought remains denied, provide the Veteran and his representative a supplemental statement of the case and afford them the requisite period of time to respond. The case should then be returned to the Board for further appellate review, if otherwise in order.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).


This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
DENNIS F. CHIAPPETTA
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).